**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:99-cr-00497-MTS |
| | ) | |
| JAMES CONLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant James Conley's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. [68]. Because Defendant has failed to show an extraordinary and compelling reason warranting compassionate release, the motion will be denied.

On November 11, 1999, Petitioner was indicted on four counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Counts 1, 3, 5, 7), and four corresponding counts of using, carrying, or brandishing a firearm during and in relation to the bank robberies in violation of 18 U.S.C. § 924(c)(1) (Counts 2, 4, 6, 8). Additionally, a federal grand jury in the Central District of Illinois separately indicted Conley on one count of unarmed bank robbery in violation of 18 U.S.C. §2113(a), one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and one corresponding count of using, carrying, or brandishing a firearm during and in relation to a bank robbery in violation of 18 U.S.C. § 924(c)(1) (Counts 9, 11, and 10, respectively, in

this action). *United States v. Conley*, No. 3:99-CR-30096 JES (C.D. Ill.).[1] Conley threatened to harm or kill employees and/or bank customers at all six banks.

On February 4, 2000, Conley pleaded guilty to all counts. Subsequently, on May 11, 2000, Conley was sentenced to a term of incarceration of 1,354 months. His term consists of 130 months on each of the six robbery charges (Counts 1, 3, 5, 7, 9, 11), to be served concurrently, along with terms of 84 months on Count 2, 240 months on Count 6, and 300 months on each of Counts 2, 4, 8, and 10 to be served consecutively of each other and consecutively to the sentence imposed on Counts 1, 3, 5, 7, 9, and 11. Conley did not file a direct appeal.

On June 3, 2020, Conley filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. *See* 4:20-cv-0753-ERW, Doc. [1]. The motion was denied and dismissed on July 19, 2022. *See id*., Doc. [7]. The Eighth Circuit denied Conley's certificate of appealability on October 28, 2022. *See id*., Doc. [12].

On July 8, 2024, Conley filed a Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. [68].[2] This Court agreed to hold Defendant's Motion in abeyance pending decisions from the Eighth Circuit and subsequent cases brought before the United States Supreme Court regarding the United States Sentencing Commission's 2023 amended policy statement, adding § 1B1.13(b)(6).[3] Defendant claims U.S.S.G. § 1B1.13(b)(6)[4] provides him with an

---

[1] Conley signed a consent to transfer the second case to the Eastern District of Missouri, and it was subsequently joined with the first case for the purposes of his plea and sentencing.

[2] Defendant is presently serving his sentence at Allenwood USP, with a projected release date of August 25, 2096. https://www.bop.gov/inmateloc/ (last visited October 14, 2026).

[3] The Federal Public Defender filed a Notice of Intent Not to File Supplemental Motion, Doc. [76].

[4] If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where

"extraordinary and compelling" reason for a sentence reduction because he has already served a significant amount of his unusually long sentence due to a gross disparity created by a non-retroactive change in the law - specifically, 18 U.S.C. § 924(c).[5] Several years after Conley was sentenced, Congress passed the First Step Act of 2018, which eliminated stacking of mandatory minimum sentences for multiple § 924(c) counts in a single case. Defendant argues that if he were sentenced today, he would have been subject to a lower mandatory sentence due to changes in 924(c).[6]

The United States Supreme Court has since heard *United States v. Rutherford* and held that a sentencing disparity created by a non-retroactive statutory change in the law (the First Step Act's nonretroactive statutory changes to § 924(c)), cannot serve as an "extraordinary and compelling" reason warranting compassionate release. *Rutherford v. United States*, 146 S.Ct 1320, 1335 (2026). Although "Congress has empowered the Commission to 'give meaning' to the compassionate release provision by identifying the circumstances that constitute 'extraordinary and compelling' reasons for release … the Commission's policy statements must 'be consistent with' the governing statute, 28 U.S.C. § 994(a), and courts have a duty to 'independently interpret the statute and effectuate the will of Congress." *Id*. at 1334 (quoting *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394-95 (2024)). The Court then held that "[t]he

---

such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

[5] Conley also mentions in his Motion that he has a hernia, an above average white blood cell count, he fell and needed six stitches in his lip, and has high blood pressure. That was the extent of Conley's argument regarding his health issues that he claims constitute extraordinary and compelling reasons for compassionate release. The inmate bears the burden to establish that compassionate release is warranted. *United States v. Avalos Banderas,* 39 F.4th 1059, 1062 (8th Cir. 2022).

[6] Conley was indicted and sentenced on five firearm charges under § 924(c), therefore, he was subject to the mandatory minimum stacking issue when, prior to the First Step Act, multiple firearm counts in a single indictment triggered increasing mandatory minimums.

statutory text and structure make clear that Congress's nonretroactive change to § 924(c)-considered by itself or in combination with other factors-cannot make a prisoner eligible for compassionate release. To the extent that it counsels otherwise, the Commission's policy statement is invalid." *Id*. at 1335.

The *Rutherford* Court also discussed the § 3553(a)[7] factors, finding that,

> Before determining the extent of a reduction based on the § 3553(a) factors, a court must first ensure that a movant is part of the "limited class of prisoners" who are "eligibl[e]" for such a reduction. *Dillon v. United States*, 560 U.S. 817, 825, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). And whether a prisoner is eligible depends on whether he can offer "extraordinary and compelling" reasons that "warrant" compassionate release, not on the § 3553(a) factors. § 3582(c)(1)(A)(i); *see id*., at 827, 130 S.Ct. 2683. This gatekeeping requirement is not, as petitioners seem to believe, a free-for-all. It is a distinct analytical step that imposes independent and ascertainable limits on access to compassionate release.

*Id*. at 1333. In a companion case to *Rutherford* that was handed down the same day, the United States Supreme Court held in *Fernandez v. United States* that "[a] prisoner who collaterally attacks the validity of his conviction must proceed through 28 U.S.C. § 2255, not 18 U.S.C. § 3582." *Fernandez v. United States*, 146 S.Ct. 1292, 1298 (2026). *See also United States v. Loggins*, 181 F.4th 883, 887 (8th Cir. 2026) ("Consistent with the Supreme Court's binding decision in *Rutherford*, we hold that the First Step Act's nonretroactive statutory changes to § 924(c), like other nonretroactive legal changes, cannot, whether offered alone or in

[7] The factors include, among other things: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

combination with other insufficient factual considerations, constitute 'extraordinary and compelling' reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).").

These recent decisions conclusively show that Petitioner has failed to assert an extraordinary and compelling reason under § 3582(c)(1)(A). As that "gatekeeping" requirement has not been met, the Court need not address the § 3553(a) factors.

Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant James Conley's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), Doc. [68], is **DENIED**.

Dated this 14th day of October, 2026

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE